[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
At the hearing the Defendant now claims that he is not married to the Plaintiff. However, the Defendant's cross-complaint dated April 23, 1998 alleges his marriage to the Plaintiff. Also in a health form which Defendant signed, Plaintiff is listed as Defendant's spouse (Plaintiff's Exhibit 12). Defendant does admit being the father of Rossiny Amy.
The Court, having heard all the evidence, finds as follows.
The Plaintiff and Defendant, whose maiden name was Paulo, intermarried at Port Au Prince, Haiti on March 30, 1990; that the Plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there is one minor child issue of the marriage, Rossiny Amy born January 7, 1991; that there were no other minor children born to the Plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation, and that the State of Connecticut has not contributed to the support or maintenance of either party and the minor child.
The parties separated near the end of 1996. Each party testified that the other's actions caused a breakup of their CT Page 6525 marriage.
Plaintiff obtained a restraining order against the Defendant because of physical abuse to the Plaintiff. She also accused the Defendant of having an intermarital relationship with her friend, Osmee Bell.
The Defendant denied Plaintiff's testimony and testified that Plaintiff gambled with their savings; that she had intercourse with another male for $200; that Defendant had Plaintiff arrested because she entered his apartment at Lake Street, Norwich, destroyed much of his clothing and took much of his household furnishings and jewelry. No evidence was offered as to the outcome of Plaintiff's arrest.
Plaintiff denies Defendant's testimony. She produced as her witness the man Defendant claimed she had sex with. The witness denied any such act.
During the marriage Plaintiff was employed as a hostess at Foxwoods Casino earning approximately $215 per week. She also worked at Groton Regency in March 1996 earning approximately $300 per week. Plaintiff left Groton Regency in 1996 and worked for one week in the Norwichtown Convalescent Home. On February 12, 1998 she became fully employed at the New London Rehabilitation Center. Plaintiff works from 3:00 p.m. to 11:00 p.m. and has a net weekly income of $315. Her present employment does not provide medical insurance coverage to Plaintiff and her child.
Plaintiff, who appears to be in good health, resides with her minor child at 91 South Second Avenue, Taftville, Connecticut. Since Plaintiff does not own a car, she either takes a taxi to work or has friends transport her to work in New London.
The Defendant was employed at Kofkoff Egg Farm during the marriage earning over $500 per week. He also worked as a dealer at Mohegan Sun Casino. Defendant claims he left the egg farm and layoffs were imminent and collected unemployment compensation during 1997. However, Plaintiff claims Defendant left the said employment as he did not want to pay child support.
Presently, Defendant is employed as a dealer at the Mohegan Sun Casino. He works between 32 and 40 hours per week. Between January 1, 1998 to April 20, 1998 Plaintiff earned $4,326 resulting in a gross weekly income of about $360 (Plaintiff's CT Page 6526 Exhibit 6). Defendant was also employed in 1997 by DE Painting and earned $2,252 (Plaintiff's Exhibit 13).
Defendant appears to be in good health. Although he does not have any special training in any field, his continued employment seems assured.
The parties do not have any marital assets to speak of. Defendant owns a 1987 Nissan automobile valued at about $2,300.
Plaintiff requests that this Court make a finding of an arrearage in support and order that Defendant pay said arrearage.
No pendente lite orders for support were ordered by the court although Plaintiff's attorney claims such motions were filed but never acted upon. Since no pendente lite support orders were issued, this Court does not have the authority to find such an arrearage. Accordingly, no such finding is made.
Although the evidence is very conflicting, the Court is convinced that the marriage has broken down irretrievably with no hope for reconciliation and that the Defendant was more at fault for the breakdown of the marriage. Therefore, a decree dissolving the marriage is ordered.
After considering the factors in Connecticut General Statutes (C.G.S.) §§ 46b-62, 46b-81 and 46b-82 and other pertinent statutes, the following orders are entered which the Court finds to be fair and equitable:
1. Sole custody of the minor child, Rossiny Amy, is awarded to the Plaintiff with only supervised visitation in Connecticut to the Defendant.
2. The Defendant shall pay to the Plaintiff support for said minor child in the amount of $80.00 per week. The parties shall alternate taking the child as a dependent on their income tax returns. The Plaintiff shall take the child as a dependent the even-numbered years; the Defendant the odd-numbered years. The Defendant's right to take the child as a dependent is conditioned on his being current in his support payments.
3. The Defendant shall maintain medical and dental coverage for said minor child as is available through his employ. Each party shall pay one-half of the unreimbursed medical and dental CT Page 6527 expenses.
4. The Defendant shall transfer all of his right, title and interest in the 1987 Mazda to the Plaintiff.
5. The parties shall equally pay their marital debts and hold the other harmless in their portion of the marital debts.
6. The Defendant shall pay to the Plaintiff the sum of $1 per year alimony for six years or the death, remarriage or cohabitation of the Plaintiff with an unrelated male, whichever is the first to occur. Said alimony is modifiable as to amount only.
7. Each party shall pay their own attorney's fees.
Vasington, J.